**E-FILED**
Tuesday, 29 May, 2007  02:26:22 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
|       ) | |
|       Plaintiff,    ) | |
|       ) | |
|    vs.    ) | No.  07-10044 |
|       ) | |
| COREY L. JOHNSON,    ) | |
|       ) | |
|       Defendant.    ) | |

### MOTION TO DISMISS INDICTMENT FOR FAILURE TO ALLEGE TIME WHEN OFFENSE WAS COMMITTED AND FOR OPEN-ENDEDNESS

NOW COMES the Defendant, COREY L. JOHNSON, by his attorney, WILLIAM K. HOLMAN, and pursuant to Rule 12(b), F.R.C.P., moves the Court to dismiss Count I of the indictment as it pertains to him on the grounds (a) that the conspiracy charged therein is open-ended at the front end and (b) that in any event the language charging the inception of the conspiracy falls to allege within a reasonable time frame the inception date of the offense.

The effect of these defects is to undermine the Defendant's right and ability to plead former jeopardy should he be subject to subsequent criminal charges and, as explained hereafter, impacts adversely on the Defendant's right and ability to assure that inadmissible acts and conduct of co-conspirators are not entered into evidence.  Combined, these defects result in the indictment not alleging sufficient facts to facilitate the proper preparation of a defense and it cannot be ensured that the Defendant is being prosecuted on facts presented to the Grand Jury, all in violation of his Fifth and Sixth Amendment rights.

In support of this motion, the following statement of points and authorities is submitted pursuant to Local Rule 12(b) (C.D. Ill. 1980):

### Statement of Facts

The first ground for dismissal is that the alleged commencement of the conspiracy is open-ended because the use of the words "beginning at least in 1996," leave ambiguous and

uncertain whether or not the Grand Jury found and whether or not
the indictment charges a conspiracy commencing prior to 1996.  The
second ground is that even if the open-ended language of the
charge (i.e., "at least") is ignored, the remaining language that
the conspiracy had its inception "in 1996" fails to allege within
a reasonable time frame the inception date of the conspiracy.

## Legal Points and Authorities

At the outset it is acknowledged and accepted hornbook law
that an indictment need not plead time of the offense with
precision if time of the offense is not an essential element of
the offense charged and if the proof is "within reasonable time
limits" before the indictment and within the statute of
limitations.  *Russell v. United States,* 429 F.2d 237, 237 (5th
Cir. 1970).  However, an indictment under 21 U.S.C.  Se, 846 must
set forth the time during which the conspiracy was operative.
*United States v. Hughes, et al.*, F.2d (7th Cir. 9/15/82), Slip.
Op. at 7.

In a conspiracy case the specification of a reasonably
accurate approximate inception date for the conspiracy is an
essential factual element because the alleged time frame of the
conspiracy places limitations on admissibility of co-conspirator's
hearsay declarations and on conduct occurring during the alleged
conspiracy.  Only statements made during the conspiracy are
admissible under the rule relating to declarations by co-
conspirators.  Likewise, a conspirator is responsible for all acts
committed by his co-conspirators during the conspiracy and in
furtherance of the conspiracy.  See *Pinkerton v. United States*,
328 J.S. 640, 646-647 (1946) (dealing with acts and declarations
of co-conspirators generally).

Moreover, and more importantly, the failure to allege an
inception date, within a reasonable time span, undermines the
defendant's right and ability to plead former jeopardy should she
subsequently be charged with other offenses alleged to have
commenced during or prior to 1976.  The approximate inception date

of the conspiracy, within reasonable time limits, is clearly
essential in establishing former jeopardy.  Cf. *United States v.
West*, 670 F.2d 675 (7th Cir. 1982) (double jeopardy determination
based in large measure on court's analysis using starting and
ending dates of two separate conspiracies).  It can be seen from
the foregoing that it is vitally important when conspiracy is
charged that a reasonably definite time frame or approximation for
the inception of the conspiracy be charged.

In *United States v. Cecil*, 608 F.2d 1294, 1297 (9th Cir.
1979), a case involving a conspiracy prosecution under 21 U.S.C.
Sec. 846, Count 2 of the indictment alleged a conspiracy

> ". . . beginning on or before July, 1975 and
> continuing thereafter until on or after October,
> 1975, within the District of Arizona and
> elsewhere" (Emphasis added.)

The 9th Circuit found this a similarly worded 21 U.S.C. Sec.
963 conspiracy charge to be "open-ended in both direction."  *Stet*.
at 1297, and, in noting that the indictment had other defects, the
Court held:

> ". . . more importantly, the indictment fails
> to place the conspiracy within any time frame.
> The language 'beginning on or before July,
> 1975, and continuing thereafter until October,
> 1975,' is open-ended in both directions."

Mainly because of the "open-ended" charges, the court in
*Cecil* found that the indictment failed to allege sufficient facts
to facilitate the proper preparation of a defense and to assure
prosecution based on facts presented to the grand jury.  *Id.* at
1297.

The conspiracy count in the present indictment charges a
conspiracy "beginning at least in 1996 . . ."  This language is
even more indefinite and just as "open-ended" as the *Cecil*
conspiracy language, i.e., "beginning on or before July, 1975 . .
. "  Addressing first the question of open-endedness, the

3

operative words rendering the *Cecil* conspiracy charge open-ended
are the words "or before."  The operative words rendering the
present conspiracy charge open-ended are the words "at least."
The net effect of such hedges is to "open-end" the alleged
conspiracy at the front end, thereby failing "to place the
conspiracy within any time frame."  *Id.* at 1297.

It is reasonable to conclude that if the prosecutor and the
grand jury meant to unequivocally and unambiguously charge that
the conspiracy began during the year 1996, the words "at least"
would not have been during the year 1996, the words "at least"
would not have been used for they would serve no purpose if that
was intended.  It is also fair to conclude that since the words
"at least" are used, they are used for the purpose of charging
that the alleged conspiracy had a prior beginning, the approximate
time of which can only be guessed at.

With respect to the second basis for dismissal, if one
ignores or strikes the words which render the *Cecil* and the
present indictments open-ended (discussed above), the commencement
of the alleged conspiracy in the instant indictment is much more
indefinite than in *Cecil*.  The *Cecil* indictment at least alleged a
month in the year in which the conspiracy was alleged to have
commenced.  Count I of the present indictment does not even allege
a season of the year.  The Grand Jury may have charged the
Defendant based on conduct occurring in December 31, 1995, or
January 1, 1996.  There are approximately 364 days between these
dates and there is no way of knowing on which of the 365 days in
1996 the conspiracy is alleged to have commenced.  Even if one
reads the indictment as charging a conspiracy commencing in 1996,
this does not, we submit, place the commencement of the alleged
offense within a "reasonable time limit," as is required.  *Russell
v. United States*, S*upra*, 429 F.2d at 238.

## Conclusion

When the sovereign chooses to extend its love affair with the conspiracy laws "to the limits of its logic" it should not be permitted to erode by one speck the precious few safeguards which have survived in this area of law.

For the reasons set forth herein, Count I of the indictment pertaining to COREY L. JOHNSON should be dismissed.

COREY L. JOHNSON,  Defendant

BY: _s/____William K. Holman_____
WILLIAM K. HOLMAN  ISBA#1249622
Attorney for Defendant
124 N.E. Madison Ave.
Peoria, Illinois  61602
Phone:  (309)  677-6342
Fax:    (309)  673-3946
E-mail:  WWKHOLMAN@aol.com
E-mail:  GELLAL2@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:
Bradley W. Murphy - brad.murphy@usdoj.gov,
                  kimberly.ritthaler@usdoj.gov,
                  margo.l.scamp@usdoj.gov
and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: NONE.

COREY L. JOHNSON,  Defendant

BY: _s/____William K. Holman_____
WILLIAM K. HOLMAN  ISBA#1249622
Attorney for Defendant
124 N.E. Madison Ave.
Peoria, Illinois  61602
Phone:  (309)  677-6342
Fax:    (309)  673-3946
E-mail:  WWKHOLMAN@aol.com
E-mail:  GELLAL2@aol.com