```
 1

 2              UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF ILLINOIS
 3

 4  UNITED STATES OF AMERICA,  ) Docket No. 07-10044
                               )
 5       Plaintiff,             )
    vs.                         )  Peoria, Illinois
 6                              )  July 18, 2008
    COREY L. JOHNSON,           )
 7                              )
         Defendant.             )
 8  _____)

 9
                      RECORD OF PROCEEDINGS
10                    SENTENCING HEARING
            BEFORE THE HONORABLE JOE BILLY MCDADE
11              UNITED STATES DISTRICT JUDGE

12                    THE APPEARANCES

13
                    BRADLEY MURPHY, ESQ.
14                  Assistant U.S. Attorney
              One Technology Plaza, Suite 400
15                  211 Fulton Street
                    Peoria, IL  61602
16              On behalf of the Plaintiff

17


18
                   JERRY A. SERRITELLA, ESQ.
19            411 Hamilton Blvd., Suite 1600
                    Peoria, IL  61602
20              On behalf of the Defendant

21


22
                  Nancy Mersot, CSR, RPR
23          United States District Court Reporter
                  100 N.E. Monroe Street
24                  Peoria, IL  61602

25  Proceedings recorded by mechanical stenography,
    transcript produced by computer-aided transcription.
```

```
 1            (Proceedings were held in open court.)
 2            THE CLERK:  Call the case of the United
 3   States of America v. Corey L. Johnson, criminal case
 4   07-10044.
 5            Will counsel please state their appearances.
 6            MR. MURPHY:  Brad Murphy for the United
 7   States.
 8            MR. SERRITELLA:  Jerry Serritella for the
 9   defendant.
10            THE COURT:  The record will reflect the
11   presence of the defendant Corey Johnson.
12            Back on April 2nd of this year the defendant
13   was found guilty after a jury trial of Count I of
14   the superseding indictment charging him with a
15   conspiracy to distribute more than five kilograms of
16   cocaine and more than 50 grams of crack cocaine.
17            The matter is before the Court today for
18   sentencing.  In that regard, the Presentence
19   Investigation Report has provided both sides for
20   comment.  And the commentary from both sides is
21   reflected in the addendum to the report found at
22   page 23 which indicates that the Government has no
23   objections to the Presentence Report .
24            Is that still the case, Mr. Murphy?
25            MR. MURPHY:  It is, Your Honor.
```

```
 1          THE COURT:  Mr. Serritella, have you had a
 2  reasonable opportunity to review and discuss with
 3  your client the Presentence Report?
 4          MR. SERRITELLA:  Yes, Your Honor, and we
 5  didn't find anything objectionable in it.
 6          THE COURT:  All right.  Which is reflected
 7  in the addendum, I might add.
 8          Mr. Johnson, have you had a chance to read
 9  the Presentence Report?
10          THE DEFENDANT:  Yes.  I went over my prior
11  convictions and my family history, all that was
12  accurate, pretty much.
13          THE COURT:  And you discussed it with your
14  attorney?
15          THE DEFENDANT:  Yes, my prior convictions
16  and my family history.
17          THE COURT:  And as reported by your
18  attorney, you have no objections to the report?
19          THE DEFENDANT:  No, not about my prior
20  convictions or my family history.
21          THE COURT:  All right.  The Presentence
22  Report is placed in the record under seal.  On
23  appeal counsel shall have access to the sealed
24  report but not the recommendation section.
25          There being no objections to the report by
```

1  either side, the Court adopts the Presentence
2  Investigation Report without change and the Court
3  finds the defendant's advisory guideline range as
4  set out in the report.  His total offense level is
5  37, Criminal History Category Roman Numeral VI.  The
6  advisory imprisonment range 360 months to life.
7          And the Court would add that there is by
8  statute a mandatory sentence of life imprisonment
9  because of the defendant's past criminal history
10 that involves two felony prior felony drug
11 convictions.
12         Supervised release range is not authorized
13 because of the mandatory life sentence.
14         Fine range is 20,000 to $8 million.
15         Special assessment of $100.
16         And restitution is not applicable.
17         Does the Government have any objection to
18 the Court's finding as to the advisory guideline
19 range?
20         MR. MURPHY:  No, Judge, we agree with those.
21         THE COURT:  Does defense counsel?
22         MR. SERRITELLA:  No, Your Honor.
23         THE COURT:  Anything in aggravation by the
24 Government?
25         MR. MURPHY:  I do not have further evidence

in aggravation, Judge.

THE COURT: Anything in mitigation by defense counsel? In that connection I would indicate that I have received a letter on the defendant's behalf from his ex-wife which is part of the record. Anything else?

MR. SERRITELLA: No, Your Honor.

THE COURT: Government comment on sentencing?

MR. MURPHY: Will it please the Court, these aren't happy days when the prosecutor comes to Court with no discretion to recommend to the Court anything but this kind of a sentence. And in fact the Court has no discretion to impose anything other than a life sentence.

I would point out a couple of things to the Court. We really are here today in this posture because the defendant with his horrendous prior record chose to break the law in a big way. We did, we had a trial, and he had his day in court.

I want this Court to know that we are here today because of additional choices the defendant made. I want the Court to know that the Government did reach out or attempt to reach out to this defendant to try to reach a result other than the

1  sentence that must be imposed today.  The defendant
2  chose otherwise.  So, again, these aren't happy days
3  that we have to appear in court but nonetheless it
4  is the law.  Thank you.
5          THE COURT:  Mr. Serritella.
6          MR. SERRITELLA:  Judge, I have nothing to
7  add.  At this point it is mandatory life
8  imprisonment.
9          THE COURT:  All right.  The law allows the
10 defendant the right to make a statement.
11         Mr. Johnson, you have a right to make a
12 statement.  If you wish to make one, please do so
13 from the podium.
14         THE DEFENDANT:  How you doing, Judge McDade?
15 First off, I did write you a letter on my behalf.
16 Only reason that you know I did, you know, go to
17 trial, you know, because I felt I was, you know, not
18 guilty of the crime.  I still feel the same way.
19 You know, you know, I pleaded out to my two prior
20 convictions because I was guilty.  I would have
21 never wasted you, you know, the federal government's
22 time if I was guilty of the crime, you know, that
23 was committed.
24         You know, I had a few issues with my case,
25 Mr. Judge McDade, as far as what my counsel, you

know, just some issues with the case in general that I would like to run down to you.

First off, you know, my first, my prior counsel --

THE COURT: Let me interrupt you to say that, this is not the time for you to complain about your attorneys or the trial. That's for purposes of appeal. You have the right to appeal unless you have waived it. No, you didn't waive it.

THE DEFENDANT: No.

THE COURT: So that that court could do something about those issues. At this point in time the only issue I have to deal with right now is your sentence.

So statements in reference to anything in mitigation would be appropriate, but to complain to me about the attorneys, as you did in your letter, won't affect what happens here today. But you have a right, obviously, on appeal to bring those issues to the attention of the appellate court.

Now so, you know, with that information, I am prepared to hear whatever you have to say.

THE DEFENDANT: Excuse me?

THE COURT: With that instruction, I am prepared to hear anything you have to say.

```
 1        THE DEFENDANT:  Okay.  Well, you know, I
 2  won't go into those issues then but, you know, I
 3  know the sentence that's supposed to be imposed on
 4  me is stiff, you know what I mean.  You know, you
 5  know, I hope that you have leniency on mean, you
 6  know.  I'm not sure that I had to get a life
 7  sentence, you know.  I just, you know, I have a
 8  family, you know.  You know, I have two kids.  I
 9  just hope you be lenient.
10        THE COURT:  Mr. Johnson, I can imagine that
11  the impact of the fact that you face a mandatory
12  life sentence must be quite real to you now.
13        THE DEFENDANT:  Yeah.
14        THE COURT:  That has been a risk from the
15  first day you were charged and as I recall you have
16  had six attorneys representing you.  I appointed
17  four.  I think you had two private attorneys.  And I
18  suspect that each of those attorneys told you that
19  you face a mandatory life if you were convicted, and
20  that your best procedure was to negotiate a plea.
21  I've got to believe those experienced attorneys told
22  you that.  And as I recall, you refused to follow
23  that advice.  You insisted that you were innocent
24  and you wanted a trial.  And you got the trial.  And
25  a jury found you guilty.  And now you face what you
```

1  knew you faced from day one, a mandatory life
2  sentence.  No one in this courtroom is happy about
3  that.  The prosecution isn't happy.  You have heard
4  Mr. Murphy.  He is the man who prosecuted you.  I'm
5  not happy, and I'm the judge who must sentence you,
6  but the point is I don't have a choice.  The law
7  says someone who has two prior felony drug
8  convictions and they are found guilty of another
9  drug felony must go to life, mandatory life.  And
10 the -- Mr. Murphy alluded to the fact that your only
11 chance to avoid the statutory mandatory minimum of
12 life in prison was to negotiate with the Government
13 which meant that you would have been required to
14 cooperate.  You chose not to do that.  And I'm sure
15 all six of your attorneys discussed that with you
16 because they were very much aware of the fact that
17 you face life imprisonment.  So I only say that to
18 indicate that we are at this point because of
19 choices you made.  And if it's true as you say, you
20 always believed that you were innocent, then we are
21 at where we are supposed to be.  A jury found you
22 guilty and now you face the consequences.
23         So pursuant to the Sentencing Reform Act of
24 1984 and in consideration of the statute requiring
25 the mandatory minimum life imprisonment, the

1 defendant Corey L. Johnson is hereby committed to
2 the custody of the Bureau of Prisons for a period of
3 life imprisonment.
4          The Court finds that the defendant must not
5 have the ability to pay a fine now, and any income
6 he earns while incarcerated should go toward the
7 support of his children.  Therefore no fine is
8 imposed.
9          If released from custody, the defendant must
10 serve a ten-year term of supervised release.  Within
11 72 hours of his release from custody, he must report
12 in person to the Probation Office in the district to
13 which he is released.  And while on supervised
14 release, the defendant cannot commit another
15 federal, state or local crime nor possess a
16 controlled substance.  He must submit to one drug
17 test within 15 days of release from imprisonment,
18 and two drug tests thereafter as directed by the
19 Probation Officer.
20          Pursuant to statute the defendant must
21 cooperate in the collection of DNA as directed by
22 the Probation Officer or the Bureau of Prisons.
23          In addition to the standard conditions of
24 supervised release, the Court would impose the
25 following special conditions:

 1          One, the defendant must refrain from any use
 2  of alcohol, and he cannot purchase, possess, use,
 3  distribute or administer any controlled substance or
 4  any paraphernalia related to any controlled
 5  substance except as prescribed by a physician.
 6          At the direction of the Probation Officer
 7  the defendant must participate in a program for
 8  substance abuse treatment including not more than
 9  six tests per month to determine whether he's used
10  substances and/or alcohol.  He must pay for those
11  services as directed by the Probation Officer.
12          Two, the defendant cannot own, purchase, or
13  possess a firearm, ammunition or other dangerous
14  weapon.  And he cannot associate with any member of
15  any street gang.  He cannot wear or carry on his
16  person any colors or any sign, symbol or
17  paraphernalia associated with gang activity.  Only
18  gang tattoos received prior to incarceration are not
19  considered a violation of this condition.
20          And lastly, a special assessment of $100 is
21  imposed payable immediately.
22          The Court would recommend to the Bureau of
23  Prisons that the defendant serve his sentence in a
24  facility as close to his family in the midwest as
25  possible, and one that will allow him to participate

in the Comprehensive Drug Treatment Program and maximize his exposure to educational and vocational opportunities.

The Court would advise the defendant of his right to appeal this sentence by filing a written notice of appeal within ten days of entry of judgment which will probably be today.  Your attorney can prepare and file a notice of appeal for you.  If for some reason your attorney is unable or unwilling to do so and you wish to appeal, all you will you have a to do is contact the Clerk of this Court, indicate you want to appeal and the Clerk can prepare and file a notice of appeal for you.  If you cannot pay the cost of an appeal, you can ask for leave to appeal without payment of cost, and if you are found to be eligible, costs will be waived.

Do you understand your appeal rights?

THE DEFENDANT:  Yes.  I would like to ask if you could appoint me an appeal attorney.

THE COURT:  I can't do that because under the rules your present attorney is to represent you on appeal unless he gets released by the Seventh Circuit Court of Appeals and that would be the Court to appoint you an appellate attorney.  So your present attorney has an obligation, if you wish to

file a notice of appeal for you and to represent you on appeal unless he gets leave from the appellate court to withdraw as your appellate attorney.

If the Court grants him leave to withdraw, then you can ask the appellate court to appoint you an appellate counsel, and they will have that issue.

THE DEFENDANT:  Okay.

THE COURT:  Now, here again, unsolicited advice.  Mr. Murphy alluded to the fact that the Government had no choice but to accept the mandatory life sentence because you did not do what you had to do to obtain some relief from the Government in the form of a 5K1.1 motion or Rule 35 motion which I'm sure you know what those are, don't you?

THE DEFENDANT:  Yes.

THE COURT:  So the defendant is remanded to the custody of the marshal to await execution of sentence.

And this hearing is adjourned.

THE DEFENDANT:  Excuse me, can I visit with my family, Mr. Judge McDade?  They came from out of town.  I don't know if that's possible.

THE COURT:  Well, I will ask the marshal to give you the opportunity to visit with your family consistent with the policy of the office so...

```
 1        (Which were all of the proceedings held on
 2          this day.)
 3                      *****
 4
 5     I certify that the foregoing is a correct
 6  transcript from the record of proceedings in the
 7  above-entitled matter.
 8
 9
10  s/Nancy Mersot          Date:  September 21, 2008
11  Court Reporter
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```