```
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
        PEORIA DIVISION
                          )
                          )
UNITED STATES OF AMERICA, )
         PLAINTIFF,       )
                          )
                          )    CRIMINAL CASE NO. 07-10044
                          )    HONORABLE BILLY JOE MCDADE
      VS.                 )    UNITED STATES DISTRICT JUDGE
                          )
                          )
COREY L. JOHNSON,         )
      DEFENDANT,          )
```

FILED
MAR 2 4 2020
CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## MOTION FOR IMPOSITION OF A REDUCED SENTENCE PURSUANT TO THE FIRST STEP ACT OF 2018

COMES NOW, Defendant Corey L. Johnson, proceeding in the above entitled cause under the status of pro-se, hereby respectfully moves this Honorable Court by requesting a reduction of his sentence through the retroactive application of the First Step Act (FSA) of 2018, Pub. L. No. 115-391, sec. 404, 132 Stat. 5149, 5222 (2018), which has given retroactive effect of the Fair Sentencing Act(FSA) of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010).

I
BACKGROUND

On March 21, 2007 a (one)1 Count Indictment was filed in the U.S. District Court, Peoria Division, charging that from on or about January 2002, to on or about October 18, 2006, in Peoria County, in the Central District of Illinois, and elsewhere, Corey L. Johnson conspired with other persons to commit distribution of more than 50 grams of cocaine base (crack).

On February 26, 2008 a (one)1 Count Superseding Indictment was filed in

(1)

the U.S. District Court, Peoria Division, charging that from the summer 2002, to January 31, 2007 in Peoria County, and elsewhere, defendant Corey L. Johnson conspired with other persons to commit the offense of distribution of more than 50 grams of cocaine base (crack) and more than 5 kilograms of cocaine. See: 21 U.S. C. 846, 841(a)(1), and (b)(1)(A). See: PSR pg 1.

The objective in furtherance of the conspiracy was to distribute cocaine base (crack). See: (Superseding Indictment).

## II
## STANDARD OF REVIEW

As outlined above, in 2018 Congress enacted the First Step Act (FSA), Pub. L. No. 115-391, sec. 404, 132 Stat. 5194, 5222 (2018), which in terms made the 18-to-1 ratio retroactive to defendant sentence before the enactment of the Fair Senetncing Act (FSA), Pub. L. No. 111-220, 124 Stat. 2372, which narrowed the disparity between sentences for crack cocaine and powder cocaine offenders.

Among other things the Fair Sentencing Act reduces the Statutory minimum sentence for crack cocaine offenders by increasing the quantity of crack cocaine to trigger the minimum sentence, raising the amount from 5 grams of crack to 28 grams of crack for the 5 year minimum sentence. See, Fair Sentencing Act (2)(a). As noted above in 2018 Congress enacted the First Step Act, ultimately allowing section (2) of the Fair Sentencing Act to be applied retroactively for crack cocaine offenses committed before August 3, 2010, which also substantially reduced the mandatory minimums associated with crack cocaine offense like Mr. Johnson.

## III
## DISCUSSION

The threshold issue is Mr. Johnson's eligiblity for relief, which requires this Court to determine first whether Johnson was convicted of a "Covered Offense" under section 404 of the First Step Act. Core Johnson was charged and convicted of distributing more than 50 grams of crack. When Johnson committed the offense the statutory penalty was 10 to life for 50 grams or more of crack. Under the First Step Act which made the FSA of 2010 retroactive , Johnson's statutory range is now 5 to 40 years. This Court must now determine whether its discretion

should be exercised to reduce his current sentence and, if so, by how much.

A. Covered Offense:

Section 404(a) of the First Step Act defines a "Covered Offense" as a violation of a Federal Criminal Statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010. Nothing restricts eligibility to defendants who were only convicted of a singular violation of Federal Criminal Statute whose penalties were modified by section 2 or 3 of the FSA of 2010, so long as the defendant was convicted of a violation, i.e., at least one violation for which the penalties were modified by section 2 or 3 of the Fair Sentencing Act of 2010, he or she is eligible for relief. See: 404(a) of First Step Act, United States v. Boulding, 379 F. Supp. 3d 646, 2019 WL 2135494, at *4 (W.D. Mich. MAy 16, 2019)("eligibility under the language of the First Step Act turns on a simple, categorical question namely, whether a defendant's offense of conviction was a crack cocaine offense affected by the Fair Sentencing Act") ; United States v. Glore F. Supp. 3d, no. 99-cr-82-pp, 2019 WL 1060838, at * 5,6, (E.D. Wis. March 6, 2019, appeal docket, No. 19-1663(7th Cir. April 11, 2019).

A multitude of district courts across the country have now recognized, it's the statute of conviction, rather than a defendant's conduct, that determines a defendant's eligiblity under the First Step Act. United States v. White, No. 99-cr-628-04, 2019 WL 3228335, at *2n.1 (S.D. Tex. July 17, 2019)(collecting forty-one district court cases reaching this conclusion); also a growing number of district courts in the Seventh Circuit have come to this conclusion as well. See: United States v. Edwards, 2019 U.S. District LEXIS 146571; United States v. Johnson, 2019 U.S. Dist. LEXIS 104935, 2019 WL 2590951, at *1 (N.D. Ill June 24, 2019) conspiracy to possess with intent to distribute more than 5o grams of crack cocaine and more and 500 grams or powder cocaine); United States v. Washington, No. 03-cr-20045-JES-DGB, 2019 U.S. Dist. LEXIS 168118, 2019 WL 4750575, at *3 (C.D. Ill)(Sept. 30, 2019);United States v. Mansoori, 2019 U.S. Dist. LEXIS 21-1803.

Simple stated, Johnson was charged, found guilty at trial, and was sentence for an offense involving 50 grams or of crack cocaine. Count (one)1 sentence flowed from a single offense level and a single Sentencing Guideline calculation

substantially affected, if not driven, by the basae offense level for the crack cocaine violation alone in Mr. Johnson case. The crack cocaine amount of Mr. Johnson alone was 14, 663.6 under 1 gm cocaine base (Crack) =20 kg of marihuana (Marijuana Equivalency for Base Offense), triggering a base offense level of 36 back in July of 2008 before the 2 level reduction was applied. His offense was between 10,000 kilograms and 30,000 kilograms of marijuana for the cocaine base (crack) alone. Mr. Johnson was sentenced under Amendment 715 which was then a cocaine base ("crack cocaine") Amendment to remedy any anomaly for cocaine base. Johnson was also made eligible for a the 2 level reduction under USSG sec. 2d1.1 Commentary Note 10(D)(I) because of Johnson cocaine base offense as we know some cocaine base offenses where excluded Amendment 715, and the two level reduction did not apply other controlled substances that where less then the combined offense level, other than cocaine base. See: Amendment 715, effective date May, 1, 2008.

It is undisputed, however, that Congress wanted to further the Fair Sentencing Act's objective of mitigating the affects of a sentencing scheme that had a racially disparate impact on African Americans. See: Dorsey v. United States, 567 U.S. 260, 268 (2012).

Thus, in relations with the defendant adjusted statutory mandatory minimum of 5 to 40 years from the 10 to life statutory minimum and maximum, I would request that this honorable court turn to the new guideline which in light of the amount for which the defendant was held responsible for 50 grams of cocaine base in Johnson's indictment, and his new base offense level would start at 24 for (28 grams to 112 grams of cocaine base), with a criminal history offense level of VI putting Johnson at a offense level of 27 of a 130-162 months guideline for his new sentencing range. See: United States v. Willams, 2019 U.S. Dist. LEXIS 144080; See: United States v. Lee, 2019 U.S. Dist. LEXIS 106826, 2019 WL 2617262, at *1 (M.D. Fla. June 26, 2019)(Section 404(b) saying nothing about relevant conduct....A covered offense is one that violated a federal statute, it is that conviction, and not the underlying conduct, that determines eligibility under plain language of the First Step Act.")

The Fair Sentencing Act modified the statutory penalty for 21 U.S.C. 841 (a)(1). 21 U.S.C. 841(a)(1) is violated by distribution of one or the other drug. See: United States v. Mansoori, 2019 U.S. Dist. LEXIS 211803. This renders Johnson offense a covered offense under the First Step Act.

I ask this honorable court in the interest of justice and a spirit of judicial comity to following the neighboring district courts of the Seventh Circuit.

Further if there are any ambiguities in the First Step Act it must be resolved in the favor of the defendant. See: United States v. Rose, 379 F. Supp. 3d 223, 230 (S.D.N.Y. 2019); If there are any ambiguities with the statute of conviction the defendant ask this honorable court to apply the rule of lenity in accord with Albernaz v. United States 450 U.S. 333, 342, 101 S.Ct 1137, 67 L.Ed 2d 275 (1981)(The rule of lenity is a principle of statutory construction which applies not only to interpretation of the substantive ambit of criminal prohibitions, but also to the penalties they impose.") See: United States v. Williams 2019 U.S. Dist LEXIS 144080.

B. Conclusion

I ask this honorable Court to consider Mr. Johnson rehabilitation efforts and his behavior while incarcerated which both support a reduction of his sentence consisting of immediate release. See Peppers v. United States, 562 U.S. 476, 491(2011)(Evidence of postsentencing rehabiliation may be highly relevant to several of the section 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing). In the 13 years of incarceration Johnson has only incurred 5(five) disciplinary matters. Additionally Mr. Johnson has used his time wisely while incarcerate, despite the fact that his sentence does not currently afford any chance of using for instance his Culinary Art Certification. Johnson has a certification in Culinary Arts, he is also a student and enrolled at Big Sandy Community and Technical College working on his Associate's Degree and Johnson has also complete over 25 classes while in maximum security prisons. Johnson is current housed in a 500 hr residential drug program in his final phase where he serves as a mentor to younger inmates and he leads large groups based on re-entry plans and reducing recidivism.

*Corey Johnson* #13603-026

---

Johnson is no longer eligible for the 851 enhancement as well because his priors are not eligible under 802(57), "Serious Drug felony". Johnson enhance was brought under felony drug offense 802(44). The United States can not file an Amended Information.

(5)

Certificate
of
Service

I, Corey L. Johnson, pro-se certify that this was placed in the institutional mail system at USP BIG SANDY on March, ___, 2020.

Address: Corey L. Johnson #13603-026
USP Big Sandy
P.O. Box 2086
Inez, Ky 41224

*Corey L. Johnson*
Corey L. Johnson #13603-026

(6)

From: Corey L. Johnson
     USP Big Sandy
     P.O. Box 2086
     Inez, Ky 41224

To: United States Central District Court, Peoria Division

RE: Cover Letter for First Step Act Eligibility Request For An Attorney To Representment Corey L. Johnson.

    Hello, my name is Corey Johnson and I was charged with a crack cocaine offense of 50 grams of cocaine base in 2007 and was sentence in 2008. I would like to request for an attorney to representment for a sentence reduction under the First Step Act.

*Corey L. Johnson*
Corey L. Johnson #13603-026

