E-FILED
Monday, 20 April, 2020 02:09:31 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:07-cr-10044 |
| ) | |
| COREY L. JOHNSON, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Before the Court are Defendant Corey L. Johnson's Motion to Reduce Sentence – First Step Act Amendment (dkt. 130) and the Federal Defender's Motion to Withdraw as Attorney (dkt. 132). The Federal Defender seeks to withdraw as counsel with respect to Defendant's Motion because the Federal Defender has determined the Motion is meritless. The Court agrees. For the following reasons, the Federal Defender's Motion (dkt. 132) is granted, and Defendant's Motion (dkt 130) is denied.

In April 2008, a jury found Defendant guilty of one count of conspiring to distribute 50 grams of cocaine base (crack cocaine) and 5 kilograms of powder cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A). (Dkts. 48, 56; Minute Entry dated April 2, 2008). By operation of the then-effective language in § 841(b)(1)(A)(ii)(II), Defendant was mandatorily sentenced to life in prison. (Dkt. 74). Defendant now seeks relief under the First Step Act of 2018, arguing he was convicted of a covered offense and is therefore eligible for a sentence reduction. (Dkt. 130).

The Fair Sentencing Act of 2010 amended 21 U.S.C. § 841(b)(1)(A) and (B) to increase the crack cocaine quantity thresholds that trigger the statutory mandatory minimum in subparagraph (A) from 50 grams to 280 grams and in subparagraph (B) from 5 grams to 28 grams. Section 404(b) of the First Step Act states: "A court that imposed a sentence for a covered offense may, on motion of the defendant . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time of the offense of conviction was committed." Section 404(a) defines the term "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010."

Had Defendant only been convicted of conspiracy to distribute 50 grams of crack cocaine, his request might be meritorious. However, Defendant's life sentence was rendered mandatory by his conviction for conspiracy to distribute 5 kilograms of powder cocaine. The quantity thresholds that trigger the statutory mandatory minimum sentences for powder cocaine were not amended by either Section 2 or 3 of the Fair Sentencing Act. And because the statutory provision mandating Defendant's life sentence was not amended by either Section 2 or 3 of the Fair Sentencing Act, he is not entitled to relief under the First Step Act regardless of whether his conviction was technically a covered offense. *See United States v. Gravatt*, 953 F.3d 258, 263–64 (4th Cir. 2020) (finding one count of possession with intent to distribute 50 grams of crack cocaine and 5 kilograms of powder cocaine was a covered offense but the defendant was nevertheless ineligible for relief under the First Step Act because the provisions respecting powder cocaine were not altered by section 2 or 3 of the Fair

Sentencing Act); *United States v. Mockabee*, No. 110-CR-00003, 2020 WL 419349, at *4 (S.D. Ind. Jan. 27, 2020) (same). The Court simply has no discretion under the First Step Act to reduce a mandatory sentence imposed for an offense involving powder cocaine.

IT IS THERFORE ORDERED that the Federal Defender's Motion to Withdraw as Attorney (dkt. 132) is GRANTED and Defendant's Motion to Reduce Sentence – First Step Act Amendment (dkt. 130) is DENIED.

SO ORDERED.

Entered this 20th day of April 2020.

s/ Joe B. McDade<br>
JOE BILLY McDADE<br>
United States Senior District Judge