# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 1:07-cr-10044 |
| COREY L. JOHNSON, ) | |
| Defendant. ) | |

# ORDER

Before the Court is Defendant Corey L. Johnson's Motion for Reconsideration of his Motion to Reduce Sentence – First Step Act Amendment (dkt. 140). This matter is ripe for review.

### BACKGROUND

On April 20, 2020, the Court denied Defendant's Motion to Reduce Sentence – First Step Act Amendment after permitting the Federal Public Defender to withdraw from the case. (Dkt. 132). Defendant then apparently filed both an appeal directly with the Seventh Circuit and another Motion to Reduce Sentence – First Step Act Amendment in this case. (Dkts. 135, 136). The Court denied the successive motion as moot and, not knowing Defendant had already attempted to appeal the April 20 Order, advised Defendant he could either file a motion to reconsider or a notice of appeal within 14 days of the Court's denial of the successive motion. (Text Order dated 4/27/2020). Defendant thereafter timely filed the instant motion, asking the Court to reconsider its April 20 Order. (Dkt. 140).

To reiterate the background relevant to the request for relief under the First Step Act, in April 2008, a jury found Defendant guilty of one count alleging conspiracy to distribute more than 50 grams of crack cocaine and more than 5 kilograms of powder cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A). (Dkts. 48, 56; Minute Entry dated April 2, 2008). By operation of the then-effective language in § 841(b)(1)(A)(ii)(II), Defendant was mandatorily sentenced to life in prison. (Dkt. 74).

## LEGAL STANDARD

The Fair Sentencing Act of 2010 amended 21 U.S.C. § 841(b)(1)(A) and (B) to increase the crack cocaine quantity thresholds that trigger the statutory mandatory minimum sentences in subparagraph (A) from 50 grams to 280 grams and in subparagraph (B) from 5 grams to 28 grams. Section 404(b) of the First Step Act of 2018 states: "A court that imposed a sentence for a covered offense may, on motion of the defendant . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time . . . the offense of conviction was committed." Section 404(a) defines the term "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." "The offense must also have been committed before August 3, 2010." *United States v. Shaw*, ___ F.3d ___, No. 19-2067, 2020 WL 2029258, at *1 (7th Cir. Apr. 28, 2020) (internal quotation marks omitted).

## DISCUSSION

As Defendant suggests, the first step in considering a motion under the First Step Act is to determine whether the movant was convicted of a covered offense. That

2

determination depends solely on whether the statute under which he or she was convicted was amended by the Fair Sentencing Act. *Id.* at *3–*4.

On April 2, 2008, a jury convicted Defendant of one count alleging conspiracy to distribute more than 5 kilograms of powder cocaine in violation of § 841(b)(1)(A)(ii)(II) and more than 50 grams of crack cocaine in violation of § 841(b)(1)(A)(iii).[1] The Fair Sentencing Act amended § 841(b)(1)(A)(iii) to increase the threshold quantity of crack cocaine necessary to impose the mandatory minimum sentences in subparagraph (A) from 50 grams to 280 grams. Defendant was therefore convicted of a covered offense.[2] *See Shaw*, 2020 WL 2029258, at *3–*4; *United States v. Gravatt*, 953 F.3d 258, 263–64 (4th Cir. 2020) (finding a one-count conviction for possession with intent to distribute 50 grams of crack cocaine and 5 kilograms of powder cocaine was a covered offense).

The second step is to determine whether a sentence reduction is appropriate. At this stage of the analysis, Defendant appears to equate eligibility with entitlement. Eligibility for relief under the First Step Act does not automatically entitle one to relief. Rather, the First Step Act permits a court to, in its discretion, "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in

---

[1] As it relates to eligibility, applicability of the statutory and guideline ranges, and the Court's citations, Defendant seems to attempt to draw a distinction between convictions based on a jury verdict and convictions based on a guilty plea. (*See* dkt. 140 at 4). Both methods of conviction have the same effect in all relevant regards, so it matters not whether the defendant pled guilty or was convicted by a jury for First Step Act purposes.

[2] The Court acknowledges it did not definitively state Defendant was convicted of a covered offense in its prior Order. For accuracy, the Court clarifies in this Order that he was.

effect at the time . . . the offense of conviction was committed." Its purpose is "to address the disparities between sentences for crack and powder cocaine." *Shaw*, 2020 WL 2029258, at *1. In deciding whether a sentence reduction is appropriate under the First Step Act, the Court considers the revised statutory range under the Fair Sentencing Act, the guideline range, and the factors in 18 U.S.C. § 3553(a). *See id.* at *6.

As indicated in the Court's April 20 Order, the Fair Sentencing Act did not alter the mandatory life sentence triggered by the quantity of powder cocaine for which Defendant was convicted (5 kilograms). It is true that the mandatory minimum sentence for the amount of crack cocaine (50 grams) for which Defendant was convicted would have been 10 years' imprisonment, rather than life, under the Fair Sentencing Act, but that does not nullify the mandatory life sentence triggered by the quantity of powder cocaine for which Defendant was also convicted. Consequently, the mandatory life sentence would have remained in effect had the Fair Sentencing Act been in place at the time Defendant committed his offense.[3]

Where a single offense involves both crack and powder cocaine and the quantity of powder cocaine triggers a mandatory minimum sentence, neither the Fair Sentencing Act nor the First Step Act contemplates a reduction below the mandatory

---

[3] Defendant's reliance on the jury verdict form is misguided. Because the jury specifically found Defendant conspired to distribute more than 5 kilograms of powder cocaine, he was and remains subject to the heightened mandatory minimum sentences in § 841(b)(1)(A). At the time, subparagraph (A) mandated a life sentence for Defendant's conviction because (1) it involved 5 kilograms of powder cocaine and (2) he had two prior convictions for felony drug offenses. The jury verdict form thus does not aid Defendant's position.

sentence triggered by the quantity of powder cocaine. Any such reduction would run counter to the purpose of the First Step Act—which is to address the disparities between sentences for crack and powder cocaine—and would exceed the authority granted to courts by the First Step Act. For these reasons, the Court continues to conclude the First Step Act does not authorize a sentence reduction here. *See also United States v. Mockabee*, No. 110-CR-00003, 2020 WL 419349, at *4 (S.D. Ind. Jan. 27, 2020) ("[W]e lack discretion to reduce [the defendant's] sentence below the statutory minimum of 20 years applicable to the powder cocaine portion of his crime."); *United States v. Taylor*, No. 04 CR 495-38, 2020 WL 2476529, at *5 (N.D. Ill. May 13, 2020) ("A court's discretion to reduce a sentence for a covered offense is limited, however, when a reduction would bring the sentence below the statutory minimum required for the quantity of powder cocaine for which a defendant was convicted.").

In sum, Defendant has failed to persuade the Court that its prior Order was erroneous. He may now appeal to the Seventh Circuit, if he chooses, by filing a notice of appeal in this case within 14 days of the date of this Order.

## Conclusion

IT IS THERFORE ORDERED that Defendant's Motion to Reconsider (dkt. 140) is DENIED.

SO ORDERED.

Entered this 18th day of May 2020.

s/ Joe B. McDade  
JOE BILLY McDADE  
United States Senior District Judge